Richard T. Drury
richard@lozeaudrury.com
Rebecca Davis
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
410 12th Street, Suite 250
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

[Additional attorneys appear on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY KINGDON and HENRY HUMMERT individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOUCHSTONE COMMUNICATIONS – II, L.L.C., a Texas limited liability company,<br><br>Defendant. | Case No. 15-cv-04862-VC<br><br>**JOINT REQUEST FOR DISMISSAL** |

## I.    INTRODUCTION

The Parties, Kerry Kingdon and Henry Hummert ("Plaintiffs") on the one hand and Defendant Touchstone Communications - II, L.L.C. ("Defendant") on the other have reached a confidential settlement in this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, that would resolve the Plaintiffs' individual claims with prejudice and the claims of any putative class members without prejudice. On October 18, 2016 the Court requested briefing as to what type of review, if any, it must conduct with respect to an individual settlement where such claims are resolved prior to any decision on class certification.

The short answer is that the Court does not have to perform any review of an individual settlement. The 2003 Amendments to Rule 23(e) made clear that district courts only need to analyze the fairness and approve a settlement where a class has actually been certified. Nevertheless, as the issue has not been addressed by the Ninth Circuit since passage of the 2003 Amendments, certain courts continue, where appropriate, to conduct a limited analysis consistent with pre-amendment law, namely *Diaz v. Trust Territory of Pac. Islands,* 876 F.2d 1401 (9th Cir.1989). Under that analysis, district courts retain the discretion to review individual settlements to ensure that there is no evidence of collusion or prejudice to unnamed putative class members.

Applied here, no review is needed under Rule 23(e) because the case is being resolved on an individual basis. Yet even if the Court were to perform a *Diaz* inquiry, the instant settlement readily satisfies its concerns. There is no collusion present here—the amounts being paid to Plaintiffs and their counsel in no way suggest that Plaintiffs leveraged the class allegations or have "compromised the class claim to the pecuniary advantage of the plaintiff and/or his attorney." Similarly, there is no hint of prejudice. The claims of absent class members are to be dismissed without prejudice and this case hasn't garnered any media attention such that absent class members have realistically relied on the continuance of the case.

As such, and as explained further below, the Court should accept the Request for Dismissal and dismiss the case with prejudice as to the claims of Kingdon and Hummert and without prejudice to the claims of any putative class members.

## II.  FACTUAL & PROCEDURAL BACKGROUND

*Touchstone's Telemarketing*

Defendant Touchstone is a Texas-based telemarketing company that uses a call center in Islamabad, Pakistan to make telemarketing sales calls on behalf of mortgage companies, auto insurance companies, health insurance companies, and home improvement companies (Compl. ¶¶ 11, 16). Defendant makes its telemarketing calls to telephone users, including cellular

telephone users, with an automated dialing system. (Compl. ¶¶ 12-14, 19). Plaintiffs Kerry Kingdon and Henry Hummert both received calls from Touchstone, and they filed the instant lawsuit on October 22, 2015 seeking damages on behalf of themselves and classes of similarly situated consumers in addition to injunctive relief.

*Touchstone Provides Call Records After the Lawsuit is Filed*

Following the filing of the Complaint Touchstone appeared in the case and provided Plaintiffs' counsel with call records for each Plaintiff. According to these records, Kingdon went to a website looking for insurance that Touchstone claims provided it with prior express consent to place the calls. Hummert, however, never went to any website to provide consent. Rather, it appears that a different individual went to a website searching for insurance and, likely by accident, entered Hummert's telephone number.

Plaintiffs served written discovery in April 2016 and Touchstone provided responses on September 20, 2016. On September 27, 2016 the Court held a case management conference where the Parties discussed the case. The Court indicated that it was unlikely that Hummert could represent a class of persons and that, with respect to Kingdon, Defendant would be given the opportunity to seek summary judgment on her individual claims before proceeding with any additional class-wide discovery.

Following the case management conference counsel for the Parties began discussing the potential for an individual resolution. This included the informal exchange of additional information regarding Defendant's potential insurance coverage. As a result of these discussions, the Parties ultimately reached an agreement on settlement terms that would resolve the Plaintiffs' claims with prejudice but, as no class had been certified, would not impact the claims of putative class members.

On October 18, 2016 the Court asked for briefing regarding the extent of any review that it may be required under the law of this Circuit to perform with respect to the Settlement. As explained below, the Court need not perform any review. Nevertheless, should the Court decide

to conduct a limited review the Settlement terms in accordance with the *Diaz* case, it should find that the agreement readily passes the standards articulated in that opinion.

### III. ARGUMENT

Under Federal Rule 23, the Court is not required to conduct any review of the Settlement under the version of Rule 23(e) that was amended in 2003. Nevertheless, in accordance with Ninth Circuit authority the Court retains the discretion to review the Settlement to ensure that no collusion is present and that no prejudice will result to putative class members who may have been relying on the existence of the case. As explained below, the Settlement should be approved under either approach here because it was achieved prior to any decision on class certification, resolves only the claims of the named Plaintiffs with prejudice, and there is no collusion or prejudice to any putative class members.

#### A. Under the 2003 Amendments to Rule 23(e), the Court need not conduct any review of the Settlement.

Prior to the 2003 Amendments to Rule 23(e) district courts were split as to whether they were required to review individual settlements of cases that had be styled as "class actions" prior to any decision on class certification. However, the amendments to:

> Rule 23(e)(1)(A) resolve[d] the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims. See Manual for Complex Litigation Third, §30.41. ***The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.***

*Mahan v. Trex Co.*, No. 5:09-CV-00670 JF PVT, 2010 WL 4916417, at *2 (N.D. Cal. Nov. 22, 2010) ("[S]ubsequent to the amendment of Rule 23 in 2003, '… [t]he new rule requires approval only if the claims, issues, or defenses of a *certified* class are resolved by a settlement, voluntary dismissal, or compromise.'") (Emphasis in original); *see also* Advisory Committee Notes to the 2003 Amendment to Rule 23(e) ("Rule 23(e)(1) is revised to delete the requirement that the parties must win court approval for a precertification dismissal or settlement."); *Sample v. Qwest Commc'ns Co. LLC*, No. CV 10-08106-PCT-NVW, 2012 WL 1880611, at *3 (D. Ariz.

1   May 22, 2012) ("The amended [Rule 23(e)] allows parties to a proposed class action to stipulate

2   to dismissal of the action without any judicial approval where the class has not yet been

3   certified.") (citing *Alexandra N. Rothman, Bringing an End to the Trend: Cutting Judicial*

4   *"Approval" and "Rejection" Out of NonClass Mass Settlement,* 80 Fordham L.Rev. 319, 330).

5   And whereas the prior rule arguably required notice to the class, the 2003 Amendments

6   "clarif[ied] that no notice to the putative class is required." *Jou v. Kimberly-Clark Corp.*, No.

7   13-CV-03075-JSC, 2015 WL 4537533, at *5 (N.D. Cal. July 27, 2015).

8   Applied here, because the 2003 Amendment "delete[d] the requirement that the parties

9   must win court approval for a precertification dismissal or settlement," the Court is not required

10  to review the Settlement for fairness as would be the case if the Settlement had been achieved

11  following certification of a class. As such, the Court would be well-within its authority to

12  simply approve of a Stipulation of Dismissal.

13  Notwithstanding this, other authority suggests that a Court retains the ability to conduct

14  a limited review of an individual settlement reached prior to class certification. As discussed

15  next, approval of the instant Request for Dismissal is appropriate under that inquiry as well.

**B.     The Request for Dismissal should be granted even if the Court were to perform a limited review of the Settlement under *Diaz v. Trust Territory of Pac. Islands,* 876 F.2d 1401 (9th Cir.1989) ("*Diaz*").**

18  Even with the 2003 Amendments, several courts in the Ninth Circuit have concluded

19  that they retain the ability, when necessary, to conduct a limited review of precertification

20  individual settlements consistent with *Diaz*. As Judge Fogel has explained:

> *Diaz* did note that even where the procedures of Rule 23(e) do not apply automatically, "the court should hold a hearing to 'determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members with a reasonable 'reliance' expectation of the maintenance of the action for the protection of their interests.'" 876 F.2d at 1407 n. 3 (quoting *Shelton v. Pargo, Inc.,* 582 F.2d 1298, 1315 (4th Cir.1978)). Under the current version of Rule 23(d)(1), the Court may require notice of "any step in the action" "to protect class members and fairly conduct the action." Accordingly, this Court has discretion to require notice under Rule 23(e) if there is evidence of collusion or prejudice.

*Mahan*, No. 5:09-CV-00670 JF PVT, 2010 WL 4916417, at *3 (N.D. Cal. Nov. 22, 2010); *see also Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) ("Although there has been 'some uncertainty' about whether [*Diaz*] applies in the wake of the 2003 amendments to Rule 23(e)...courts in this district continue to follow *Diaz* to evaluate the proposed settlement and dismissal of putative class claims....") (*citing Lyons v. Bank of Am., NA*, No. C 11– 1232, 2012 WL 5940846, at *1 & n.1 (N.D. Cal. Nov. 27, 2012); *Tombline v. Wells Fargo, NA*, No. 13-cv-04567, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014); and *Luo v. Zynga Inc.*, No. 13-cv-00186, 2014 WL 457742, at **3-4 (N.D. Cal. Jan. 31, 2014) (applying *Diaz* to proposed settlement of putative class claims under FLSA and state law)).

Under *Diaz*, the review does not entail "the kind of substantive oversight required when reviewing a settlement binding upon the class." 876 F.2d at 1408. Rather, the court assesses potential prejudice to the putative class members from:

> (1) possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations; and (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Dunn*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) (*quoting Diaz*, 876 F.2d at 1408. (Internal quotations omitted). "The central purpose of this inquiry is to 'determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice putative members.'" *Tombline*, 2014 WL 5140048, at *2 (internal citations and quotations omitted).

Considering these factors here, there is no basis for rejecting the instant Settlement. First, there has been no publicity of this case in the media, and it is not the type of case where the public has been paying close attention. *See Mahan*, No. 5:09-CV-00670 JF PVT, 2010 WL 4916417, at *2–3 (N.D. Cal. Nov. 22, 2010) ("With respect to 'reliance' on the part of absent putative class members, "'[t]he danger of reliance is ... generally limited to actions that would

be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety.'") As important as TCPA class actions are, they generally do not garner significant, if any, new coverage. And that has certainly been the case here.

As for the second consideration, whether there are rapidly approaching statutes of limitations, all such deadlines have been tolled by virtue of the filing of a class action complaint in this matter in the first place. *Compare Lyons*, No. C 11-1232 CW, 2012 WL 5940846, at *2 (N.D. Cal. Nov. 27, 2012) ("[T]hese claims would not be time-barred because of the class action tolling doctrine") *with Dunn*, No. 13-CV-05456-HSG, 2016 WL 153266, at *6 (N.D. Cal. Jan. 13, 2016) (finding potential prejudice in employment case "[b]ecause the FLSA statute expressly precludes the equitable tolling of putative class members' claims until they opt into the action.") Accordingly, because equitable tolling applies in a consumer class action under the TCPA (unlike FLSA class actions), the second factor is not suggestive of any prejudice either. *Am. Pine and Constr. v. Utah,* 414 U.S. 538, 554 (1974).

Third and finally, the instant Settlement does not feature "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." For example, in *Dunn* there was a very real risk of overcompensation for the named plaintiffs. No. 13-CV-05456-HSG, 2016 WL 153266, at *7 (N.D. Cal. Jan. 13, 2016) ("[T]here is no dispute between the settling parties that the total payments to three Plaintiffs are well in excess of actual damages.") In fact, the *Dunn* plaintiffs were slated to receive "more than 55% of what Plaintiffs claimed their individual overtime claims were worth when the previous payment was determined." *Dunn*, No. 13-CV-05456-HSG, 2016 WL 153266, at *2. This is on top of the fact that "the settling parties initially neglected to inform the Court that Plaintiffs had already received a total of $271,005.90 based on their FLSA overtime claims before filing suit." *Id*. In light of such facts, there was a very real concern that the settlement was "tainted by collusion." *Id*.

Nothing of the sort has occurred here. While the Settlement agreement is confidential, Plaintiffs can report that the amounts that will ultimately be paid to the Plaintiffs are not multiples of their statutory damages; rather, each will receive an amount below the sums that they prayed for in the pleadings. At the same time, the portion that counsel will receive as fees is by no means divorced from the actual time spent litigating the case. As such, it can hardly be argued that Plaintiffs or their attorneys have leveraged the class claims so as to bolster their individual recoveries. Furthermore, there was no collusion here: the releases do not extend to the claims of absent class members, who remain free, if they desire to bring subsequent actions on their own accords. *See Tombline*, No. 13-CV-04567-JD, 2014 WL 5140048, at *3 ("Because the settlement does not prevent putative class members from pursuing claims, they are not likely, as a general matter, to be prejudiced") (citing *Houston v. Cintas Corp.,* No. C 05–3145 JSW, 2009 W L 921627, at * 2 (N.D.Cal. Apr. 3, 2009)).

Accordingly, nothing in the instant Settlement raises the concerns present in *Diaz*, *Dunn*, or any other case to reject approval of a pre-certification individual settlement. As such, this Court should approve the instant Request for Dismissal with little fanfare and dismiss Kingdon and Hummert's claims with prejudice and the claims of any putative members of the uncertified class without prejudice.

          *          *          *

**KERRY KINGDON AND HENRY HUMMERT** individually and on behalf of classes of similarly situated individuals,

Dated: October 25, 2016          /s/     Steven L. Woodrow

Richard T. Drury
richard@lozeaudrury.com
Rebecca Davis
rebecca@lozeaudrury.com
LOZEAU DRURY LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

410 12th Street, Suite 250
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Steven L. Woodrow
(swoodrow@woodrowpeluso.com)*
Patrick H. Peluso
(ppeluso@woodrowpeluso.com)*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.894

*Admitted pro hac vice


*Counsel for Plaintiff and the Putative Class*


*/s/*Dennis J. Kelly

Dillingham & Murphy, LLP
Dennis J. Kelly/State Bar No. 191414
J. Cross Creason/State Bar No. 209492
353 Sacramento Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 397-2700
Facsimile:   (415) 397-3300
djk@dillinghammurphy.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I, Steven L. Woodrow, an attorney, hereby certify that I served the foregoing papers by causing true and accurate copies of such papers to be transmitted to all counsel of record through the Court's electronic filing system on October 25, 2016.

/s/ Steven L. Woodrow

**LOCAL RULE 5-1(i)(3) CERTIFICATION**

I, Steven L. Woodrow, an attorney, attest, pursuant to L.R. 5-1(i)(3), that concurrence in the filing of this document has been obtained from each of the other signatories.

/s/ Steven L. Woodrow